# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

CHAULA S. BHATT,

    Plaintiff,

v.

JOHN JAY HOFFMAN, et al.,

    Defendants.

Civil Action No. 15-00005 (MAS) (DEA)

Civil Action No. 16-3715 (MAS) (DEA)

**MEMORANDUM ORDER**

This matter comes before the Court upon its review of two dockets for matters in which Chaula S. Bhatt is the Plaintiff. With respect to the first matter, *Chaula S. Bhatt v. John Jay Hoffman, et al.*, Civil Action No. 15-00005 ("First Action"), the docket reflects that the District Court originally dismissed the complaint without prejudice for failure to satisfy Rule 8(a). (First Action, ECF No. 4.) On June 22, 2016, the Court granted Plaintiff's motion to reopen the case in the First Action and Plaintiff subsequently filed an Amended Complaint. (*Id.* at ECF Nos. 11, 17.) On June 24, 2017, while the First Action was still open, Plaintiff filed a second action, *Chaula S. Bhatt v. AT&T, Inc.*, Civil Action No. 16-3715 ("Second Action").

On December 13, 2016, the Honorable Peter G. Sheridan, U.S.D.J., dismissed the Amended Complaint in the First Action with prejudice for failure to state a claim. (First Action, ECF No. 19.) On November 7, 2017, the United States Court of Appeals vacated the District Court's order of December 13, 2016 and remanded the matter for further proceedings. (*Id.* at ECF No. 31.) The mandate issued on November 29, 2017. (*Id.* at ECF No. 32.) On December 26, 2017 and December 29, 2017, Plaintiff submitted correspondence forwarding the mandate to the Court. (*Id.* at ECF Nos. 33, 34.) The matter was subsequently reassigned from Judge Sheridan to the Undersigned on January 22, 2018. (*Id.* at ECF No. 35.)

Local Civil Rule 79.4 provides that:

> [u]pon the filing of a mandate or certified copy of the judgment in lieu thereof from an appellate court, the Clerk shall file and enter it and notify counsel for the parties. In the event that the mandate or judgment provides for costs or directs a disposition other than an affirmance, the prevailing party shall submit an order implementing the mandate or judgment.

L.Civ.R. 79.4. Here, Plaintiff did not submit an order implementing the mandate or judgment. Nevertheless, Plaintiff's correspondence reflects Plaintiff's desire to move forward with this litigation. The Court, therefore, finds good cause to reopen the First Action for further proceedings in accordance with the Third Circuit's mandate.

The Court also notes that the parties, causes of actions and alleged facts in the two matters substantially overlap. The Court, accordingly, finds good cause to consolidate the two actions under the earlier-filed docket number. Nevertheless, there are differences between the Amended Complaint in the First Action and the complaint in the Second Action. The Court, therefore, finds good cause to require Plaintiff to file an amended consolidated complaint. Furthermore, in light of the Third Circuit's opinion remanding the First Action, the Court provides guidance that Plaintiff should consider when drafting an amended consolidated complaint.

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). In considering whether to dismiss a complaint for failure to state a claim, a court must first "tak[e] note of the elements a plaintiff must plead to state a claim.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Second, the court must "review[] the complaint to strike conclusory allegations[.]" *Id.* Finally, the court must determine whether "the facts alleged in the complaint

are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

A preliminary review of Plaintiff's Amended Complaint in the First Action revealed a number of deficiencies. For example, the Amended Complaint contains a sixty-nine-paragraph Preliminary Statement and a nine-paragraph "Statement of Facts and Conduct of Defendants." These two sections are largely devoid of specific facts. For example, Paragraph 102 of the "Statement of Facts and Conduct of Defendants" alleges (verbatim):

> There are many questions of laws and facts common to all defendants to this suit, and these questions predominate over any questions affecting only individual members. Common questions of fact or law include, among others: (1) Whether the Plaintiff has rights to back wages for entire duration of her first contract and right to loss of wages for years till date, projected to be continued for many more years, right to privacy over the Internet and in all of her personal affairs; (2) whether defendant AT&T unlawfully conspired against the Plaintiff by using unlawful "joint employment" arrangement among "visible" and "invisible" parties to this suit including Collabera Inc and from Planet Associates Inc. on commands and unlawful interferences of AT&T; (3) whether all defendants exerted an act of ownership and dominion over the personal property of the Plaintiff and Plaintiff; (4) whether defendants had knowingly and purposely hatched a conspiracy to frame Plaintiff for criminal charges and ruin her career and clean records; (5) Whether AT&T had paid bribes to involved defendants of State of NJ and to Perth Amboy probation officer Kyle Loscascio and Perth Amboy Probation office for framing Plaintiff for first degree Arson Attempt charges through involved prosecutors for her extended control during her one year probation; (6) Whether Ms. Sue Kent of Monmouth Superior Court who is currently working under Judge English's team and was earlier working under Judge Mullaney's team had altered court hearing date by prepending it for 48 hours from June 29, 2012 to June 27, 2012; (7) Whether involved courts had prosecuted Plaintiff in participation with involved prosecutors and on their demands in the interest of NJ's involved defendants to move Plaintiff across State of NJ's incarceration facilities without notice and for ultimately moving her to Monmouth County where prosecution for AT&T charges was pending; (8) whether there was a violation of due processes by issuing a NO BAIL bench warrant without any traces or records of court's hearing

activities or lack of thereof on June 27, 2012; (9) whether the very first complaint warrant authorized by Middletown Municipal Magistrate was unlawful and whether it overcharged Plaintiff on self-price tagging of damages of $5000 by Middletown prosecutors; (10) whether Plaintiff's very first detention from Aug. 8, 2011 to Aug. 17, 2011, after posting on the spot bail of $100 on Aug. 8, 2011 was unlawful and in constitutional violations of due and effective law enforcement processes; (11) whether prosecutorial lies of self-manufactured "Crisis" after two months of alleged events were valid for forming a basis for unlawful and involuntary medical detention and unconsented medication of Plaintiff in violations of her civil rights; (12) whether the search of Plaintiff's Toyota and the seizure of Plaintiff were unlawful due to defective warrant without a probable cause and without search conditions; (13) whether the probation officer had played any part in framing Plaintiff on commands from involved prosecutors for "Attempted Arson" allegations; (14) whether Plaintiff's medical and solitary confinement upon being beaten up by MCCI guards during September 2012 was unlawful and whether it was influenced by other defendants in addition to prosecutors to convict Plaintiff on insanity basis because defense of insanity is an implicit admission of guilt; (15) whether tortures by MCCI guards and others are in-humanitarian and whether it was a result of multiple malicious prosecutions and crimes committed by members of law enforcement; (16) whether it was unlawful for Old Bridge municipal magistrate to authorize "taking away" of all property of Plaintiff from her apartment and Plaintiff's Toyota Corolla car parked outside of her apartment without any compensation during her unlawful detention at "NO BAIL" and without her permission and without a notice; (17) whether attorney Galvin used special influences from State prosecutor offices by bribes for getting authorization for "taking away" Plaintiff's Toyota, her security deposit and all property in her apartment; (18) whether both cars of Plaintiff are currently being used and driven by State of NJ's involved defendants who have stolen both of Plaintiff's cars upon her pickpocketing and upon loss of both of car keys; (19) whether State of NJ operated in concert with any other "visible" and "invisible" entities for her pickpocketing because all entities who have violated all rights of Plaintiff and committed crimes continue to follow Plaintiff everywhere and in all of her activities; (20) whether municipal venues of State of NJ should be allowed to operate without any basic knowledge of the Fourth Amendment of the US Constitution and in general the Constitution of the US and whether municipal venues of State of NJ should be allowed to bypass the US Constitution without any control from any upper court of State of NJ for issuing unlawful warrants without probable

causes and/or with over charges; (21) whether State of NJ's municipal venues should be controlled by upper court of State of NJ by law and by, appropriate procedural and rules based mandates to prevent unlawful takings of others' properties; (22) whether there were multiple violations of due process rights of Plaintiff by involved prosecutors due to their willful and knowing ignorance of all laws and because of multiple malicious prosecutions of Plaintiff by them; (23) whether all involved former NJ AGs and involved prosecutors are criminally liable due to their willful, knowing and wanton unlawful conducts in addition to their civil liabilities; (24) whether injunctive relief and other equitable remedies (including restitution) and compensatory and punitive damages awards with hedonic damages for unlawful takings of two cars to Plaintiff are warranted in addition to punishment of some, upon honest investigation of this matter; (25) whether defendants of State of NJ willfully, maliciously, knowingly, purposely and discriminately prosecuted Plaintiff multiple times for same invalid offenses and whether they violated Plaintiff's civil rights; (26) whether the law entitles Plaintiff to restitution of all unjust enrichment defendants have enjoyed by depriving Plaintiff from her own properties that belonged to her and her two cars and by defendants' alleged violations of the New Jersey's Labor and Worker's Compensation laws and the Constitution of the US, and all additional federal laws; (27) whether the law entitles Plaintiff to additional punitive, compensatory, declaratory, damages for pain and suffering, personal injury, deprivation of property, physical pains induced by defendants, expenses on a daily basis due to loss of two cars and property, daily inconveniences, intentional infliction of emotional distress and compensation for ruined background records and medical records and all other damages as listed under paragraph 69 above and pursuant to relevant federal laws and some lawful laws of New Jersey.

(First Matter, Am. Compl. ¶ 102.) The Amended Complaint later contains a "Causes of Action" section that includes twenty-one individual Claims for Relief. In addition, each of Plaintiff's Claims for Relief contains an incorporation clause.[1]

---

[1] The incorporation clauses vary throughout the claims for relief. In some instances, Plaintiff incorporates several paragraphs and, in other instances, Plaintiff incorporates "all preceding paragraphs." (*See, e.g.*, First Matter, Am. Compl. ¶¶ 110, 118, 130, 147, 184.)

5

Based on the nature of the allegations and the multiple, varying causes of action (each of which will require analysis), as well as the large number of Defendants in the Amended Complaint, Plaintiff should separately list each cause of action and should include the allegations with respect to each named defendant in the section related to the cause(s) of action against that defendant. If specific facts that are currently contained in the Preliminary Statement and "Statement of Facts and Conduct of Defendants" apply to a specific defendant, those facts should be included in the cause(s) of action related to the specific defendant(s). Plaintiff's Consolidated Complaint should also limit the use of incorporation clauses.

The Court further notes that the Amended Complaint in the First Action contains numerous general, confusing, vague and conclusory allegations, including many allegations that are not helpful to the Court's understanding of the specific factual allegations underlying Plaintiff's causes of action. For example, paragraph 121 of the Amended Complaint is contained under Plaintiff's "Second Claim for Relief: Combined Claim for Negligence Per Se and Nuisance for Creating Dangerous Conditions against Middletown Municipality, Prosecutor Michael Fitzgerald, Mayor Gerald P. Scharfenberger, Suspended Middletown Magistrate Richard Thompson and Monmouth County Prosecutors Claim Under 42 U.S.C. §§ 1981, 1983, 1986 and Under 42 U.S.C. § sec. 2000e" and alleges (verbatim):

> Defendants, including currently suspended magistrate of Middletown municipality Mr. Thompson publically known of overcharging people and forcing people for unlawful plea deals in participation with Monmouth county prosecutors and municipal prosecutor Michael Fitzgerald, and Middletown Municipality publically known for appointing municipal magistrate who can generate massive revenues for municipality, by any means including over charging of people for statutorily invalid charges at highest possible bails, knowingly, intentionally and purposely violated all amendments of the US Constitution and the dignity of the justice system by breaching public trust. By doing that, defendants violated

due process rights as well as all rights conferred to citizens and Plaintiff by the Constitution of the US.

(First Matter Am. Compl. ¶ 121, ECF No. 17.) None of the allegations in paragraph 121 contains specific facts related to Plaintiff's claims against the named defendants in the Amended Complaint's "Second Claim for Relief." Moreover, paragraph 121 is a single example of a confusing and conclusory paragraph within an Amended Complaint that contains many similarly confusing paragraphs. In order for the Court to perform a meaningful review of the amended consolidated complaint, the Court must be able to discern each cause of action and the defendants related to each cause of action. Significantly, the Court must also be able to discern the specific factual allegations against each defendant related to each cause of action. General, vague and conclusory allegations will be disregarded by the Court in its consideration of whether Plaintiff's amended consolidated complaint adequately sets forth any valid cause(s) of action against any of the named defendants.

Based on the foregoing, the Court's inherent power to control the matters on its docket, and for other good cause shown,

IT IS on this 19th day of April 2018, **ORDERED** that:

1. The Clerk shall reopen Civil Action No. 15-00005 in order for the Court to conduct further proceedings consistent with the Third Circuit's mandate.

2. Civil Action No. 15-00005 (MAS) (DEA) and Civil Action No. 16-3715 (MAS) (DEA) are consolidated for all purposes into Civil Action No. 15-00005. The Clerk shall close Civil Action No. 16-3715 (MAS).

3. Plaintiff shall file an amended consolidated complaint by **May 18, 2018**, which shall serve as the operative pleading in this matter.

4. The Court will screen the amended consolidated complaint. The Clerk shall not issue summonses and Defendants shall not be required to answer or otherwise respond until the Court screens the amended consolidated complaint.[2]

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[2] Should Plaintiff elect to pay the filing fee, the matter would proceed in the ordinary course.